IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Warren A. Sweatman, | ) | |
| | ) | Civil Action No. 5:14-cv-00622-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Kimberly A. Bringger, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Plaintiff Warren A. Sweatman's ("Plaintiff") Motion to Remand the case to the Orangeburg County (South Carolina) Court of Common Pleas. (ECF No. 7.) Defendant Kimberly A. Bringger ("Defendant") opposes Plaintiff's Motion to Remand and asks the court to retain jurisdiction. (ECF No. 10.) For the reasons set forth herein, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 7).

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges Defendant is at fault for a car crash on June 19, 2010, from which Plaintiff "suffered severe bodily injuries, was given emergency medical treatment, and received additional medical care and treatment during his recovery, and will need additional treatment in the future." (ECF No. 1-1 at 3 ¶¶ 4-5.) On May 23, 2013, Plaintiff filed an action for damages against Defendant in the Court of Common Pleas of Orangeburg County, South Carolina, alleging his injuries are the "direct and proximate result of the negligent, careless, reckless, willful, and wanton acts and delicts of Defendant." (*Id.* at 4 ¶ 6.) For jurisdictional purposes, Plaintiff alleged that he is a citizen of the State of South Carolina, and Defendant is a citizen of the State of Florida. (*Id.* at 3 ¶¶ 1-2.) Plaintiff did not specify an amount of damages in the Complaint, but prayed "for actual and punitive damages in an amount to be determined by the

1

triers of the facts." (*Id.* at 5.)

On February 28, 2014, Defendant filed a Notice of Removal asserting the court has jurisdiction over the matter based on diversity of citizenship and Plaintiff's response to Defendant's Requests for Admission "indicating Plaintiff's intent to see[k] more than $75,000.00." (ECF No. 1 at 1 ¶¶ 1-2.) On March 20, 2014, Plaintiff moved to remand the matter to state court, asserting Defendant's Notice of Removal came more than 30 days after Defendant was aware the amount of damages exceeded $75,000, and thus was untimely. (ECF No. 7 at 1-2.) On April 7, 2014, Defendant filed a response in opposition to Plaintiff's Motion to Remand. (ECF No. 10.)

## II. LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss,* 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Neither party disputes that there is complete diversity of citizenship in this case. Nor is it in dispute that Plaintiff is seeking in excess of $75,000 in damages. (*See* ECF No. 1-1 at 35.) What the parties dispute is the date on which Defendant could first determine that the amount of damages exceeded $75,000, and therefore when the 30-day time limit the parties had to remove the case to federal court began. Defendant alleges that she was first aware the damages would exceed $75,000 when Plaintiff responded to her Requests for Admission, denying that the amount in controversy would not exceed $75,000. (ECF No. 1 at 1 ¶ 2; *see also* ECF No. 1-1 at 35.) Plaintiff, however, argues Defendant had notice that the damages sought exceeded $75,000 by December 12, 2013, at the latest. (ECF No. 7 at 2.)

First, Plaintiff argues that Defendant had notice of the damages at the time the Complaint was filed. (*Id.* at 2.) Plaintiff argues that because the Complaint did not specify a damages amount, Plaintiff "could have been seeking more than $75,000" and that, in combination with a pre-suit demand letter to Defendant's insurance carrier demanding full liability insurance coverage of $100,000, meant "Defendant knew with certainty that the claim exceeded $75,000." The court disagrees. First, Defendant alleges Plaintiff did not send her the pre-suit demand letter. (ECF No. 10 at 2 n.1.) The letter itself indicates only that Plaintiff's co-counsel was

3

copied on the demand, and that it was sent to Defendant's insurance carrier. (ECF No. 7-1.) It cannot be conclusively shown that Defendant ever saw this pre-suit demand. Even if Defendant had seen the demand, it fails to clearly establish that Plaintiff sought more than $75,000. The letter demands "$250,000 or your policy limits, *whichever is less.*" (*Id.* at 2 (emphasis added).) While Plaintiff's counsel demanded up to $250,000, the demand is worded in such a way that Plaintiff could have received, and presumably would have accepted, less than $75,000 if the policy limits so restricted it. As such, the amount sought, in concert with a lack of specified damages in the Complaint fails to clearly establish that Plaintiff sought in excess of $75,000. "[T]his Court's jurisdiction cannot rest upon the metaphysical possibility that the jurisdictional amount may or may not be met now or at some point in the future." *Hagood v. Electrolux Home Prod., Inc.,* 2006 WL 1663804, at *2 (D.S.C. June 15, 2006).

Next, Plaintiff argues, Defendant should at least have been aware that the amount in controversy exceeded $75,000 from Plaintiff's discovery responses on December 12, 2013. (ECF No. 7 at 2.) In the responses, Plaintiff indicated he had incurred medical bills totaling $47,131.87, and included a statement from his surgeon that he was a "surgical candidate." (*Id.*, *see also* ECF Nos. 7-2, 7-3.) Plaintiff argues that "[i]t is evident from even a cursory review of the materials provided in discovery that the economic losses alone would approach $75,000, much less the non-economic damages." (ECF No. 7 at 2.) The court disagrees. Nowhere in the letter from Plaintiff's surgeon does it indicate he would definitely need surgery in the future, nor that any such surgery was scheduled. (ECF No. 7-3.) The letter merely outlines the procedures Plaintiff had previously undergone and the surgeon's opinion that Plaintiff's injuries were the result of the accident. (*Id.*) No dollar amount for future medical expenses is mentioned in the surgeon's letter.

Further, Plaintiff's answers to interrogatories that he submitted on December 23, 2013, indicate the amount in controversy remained ambiguous even to Plaintiff. (*See* ECF No. 1-1 at 20-28.) In his answers to Defendant's interrogatories, Plaintiff again listed his medical bills to date and indicated that surgery "remains pending." (*Id.* at 24-25.) When asked to "[s]tate the nature and amount of all future expenses, including, but not limited to, medical expenses, you anticipate will be incurred as a result of the accident/incident," Plaintiff answered "Future surgery is pending. Plaintiff cannot reasonably be expected to know the answer to this Interrogatory." (*Id.* at 26.) In addition, Plaintiff's answers indicate that lost income and earning capacity are not at issue in this case. (*Id.* at 27.) Based on the documents available in December 2013, when Plaintiff asserts Defendant could have ascertained the amount of damages sought, Defendant could, at best, only speculate whether Plaintiff's damages would amount to roughly $30,000 in additional expenses on top of the $47,000 in enumerated expenses. "[I]t is settled that the thirty-day removal period is not triggered at the instant the case becomes removable, or even when the defendant has enough evidence to surmise that the case *might* have become removable; rather, an amended pleading, motion, order, or other paper must be '"*unequivocally clear and certain*" to start the [thirty-day] time limit running for a notice of removal under the second paragraph of section 1446(b).'" *US Airways, Inc. v. PMA Capital Ins. Co,* 340 F. Supp. 2d 699, 703-04 (E.D. Va. 2004) (quoting *Bosky v. Kroger Tex., LP,* 288 F.3d 208, 211 (5th Cir. 2002) (emphasis added)). In this case, the first "unequivocally clear and certain" evidence that the amount of damages exceeded the $75,000 threshold was not available to Defendant until Plaintiff submitted his response to Defendant's Request for Admissions on February 21, 2014. (*See* ECF No. 1-1 at 35-36.) As such, Defendant's Notice of Removal was timely filed on February 28, 2014.

## III. CONCLUSION

Based on the aforementioned reasons, it is therefore ordered that Plaintiff's Motion to Remand (ECF No. 7) is **DENIED** and the court will retain jurisdiction in this matter.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 11, 2014
Columbia, South Carolina